IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 1767 |
| | ) | |
| WILLIAM A. FEDA, IRENE FEDA, | ) | Paul E. Plunkett, Senior Judge |
| WEST SUBURBAN BANK, as successor | ) | |
| in interest to AURORA FEDERAL | ) | |
| SAVINGS BANK, and ILLINOIS | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

The United States of America ("Plaintiff") has filed a two-count complaint against William A. Feda, Irene Feda, and West Suburban Bank, as successor in interest to Aurora Federal Savings Bank, and the Illinois Department of Revenue alleging William A. Feda's and Irene Feda's or ("Defendants") liability for federal income tax assessments and William Feda's liability for federal employment tax assessments. Before this Court is Plaintiff's Federal Rule of Civil Procedure 56(a) motion for summary judgment. For the reasons set forth below, Plaintiff's motion for summary judgment is granted.

-1-

## Background

Unless otherwise noted, the following facts are either undisputed or deemed admitted because Defendants' response failed to comply with Local Rule 56.1 ("LR 56.1"), a local rule which this Court enforces.[1] *See* LR 56.1(b)(3)(B). *See also Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (upholding strict enforcement of LR 56.1 where non-movant failed to submit factual statement in form called for by rule, thus conceding the movant's version of the facts); *See also Smith v. City of Chicago*, 2002 WL 1770532 (N.D. Ill. Aug. 1, 2002). William and Irene Feda filed a joint income tax return each year of their marriage since 1972. But, from 1992 to 2000 and then again in 2002 and 2003, Defendants failed to remit sufficient payments to satisfy their self-reported liabilities. Based on certified copies of their tax returns, the Internal Revenue Service or ("IRS") has assessed those liabilities, adding interest and penalties. The balance owed by Defendants was calculated by IRS revenue office advisor, Marilyn Ganser, and as of December 5, 2005, the total payment due for the Fedas' personal income tax was $351,914.21

Also, Mr. Feda, through his law office, has outstanding federal employment tax liabilities.

---

[1] Defendants, having apparently ignored our initial briefing schedule on this matter, failed to seek an extension of time in which to file their response to Plaintiff's motion. In an Order dated January 31, 2006, we *sua sponte* granted Defendants an extension of time in which to respond, warning them that if no response was received, we would rule on pleadings. We received a response to Plaintiff's motion, but Defendants failed to comply with LR 56.1(b). Defendants should have responded directly to each of the statements in Plaintiff's 56.1(a)(3) Statement of Material Facts. Disagreement with any of Plaintiff's 56.1(a)(3) statements should have been indicated with specific reference to the portions of the record on which Defendants rely for their disagreement. *See* N.D. Ill. R. 56.1(b)(3)(A). Defendants failed to do this. Instead, Defendants only voice their disagreement in their memorandum opposing Plaintiff's motion for summary judgment. They did not respond to Plaintiff's Statement of Material facts, nor did they offer their own 56.1(b)(3) (B) statement of additional facts. We expect the parties to abide by LR 56.1 and will only consider facts that are presented in accordance with that rule. *See Newsome v. James*, 2000 WL 528475 (N.D. Ill. Apr. 26, 2000).

Based on certified copies of federal employment tax returns, the IRS has found that for various periods from 1997 to 2001, Mr. Feda did not remit sufficient payments to satisfy his self-reported liabilities for his business. Ganser also calculated Mr. Feda's indebtedness as to the employment taxes, adding interest and penalties and as of December 5, 2005, the amount owed on the federal employment taxes is $61,417.70.

## The Legal Standard

In order for a party to prevail on a motion for summary judgment, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). At this stage, we may not weigh the evidence or make any credibility determinations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the nonmoving party. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

Additionally, where "undisputed facts give rise to disputed inferences," summary judgment is not appropriate. *Harley-Davidson Motor Co., Inc. v. Powersports, Inc.*, 319 F.3d 973, 989 (7th Cir. 2003). Initially, the moving party must inform the court of the basis for the motion, but it is then the non-moving party's obligation to present specific facts showing there is a genuine issue for trial. FED. R. CIV. P. 56(e).

## Discussion

In Count I, the United States seeks to obtain judgment to recover Defendants' unpaid federal income taxes, including interest and penalties. Tax deficiency assessments are considered to be presumptively correct which places the burden on the tax payer to show the assessment is incorrect to the taxpayer. *Pittman v. Comm'r.* 100 F.3d 1308, 1313 (7th Cir. 1996). Defendant must offer more than a general denial of liability in order to meet his burden. *Avco Delta Corp. Canada Ltd. v. U.S.*, 540 F.2d 258, 262 (7thh Cir. 1976). Furthermore, the information obtained from the IRS Form 4340 in order to assess the liability is also entitled to the presumption of correctness and the taxpayer bears the burden to refute that presumption as well. *U.S. v. Brown*, 820 F. Supp. 374, 384 (N.D. Ill. 1993).

Mr. and Mrs. Feda responded separately and we will address each in turn. Mr. Feda does not challenge the law or the accuracy of the returns and admits that sufficient payments were not made on his federal income tax. However, he does not agree with the amount the government claims he owes. Mr. Feda contends both that: (1) there were levies taken on his various bank accounts; and (2) he has already paid some of the outstanding balance, including a $7,000 payment on his 2003 tax return, but neither has been applied to the principal of his debt. However, Mr. Feda merely denies the accuracy of the amount and fails to point to any evidence that establishes that he has begun to satisfy his debt to the government or that the amount he owes is actually less than the amount calculated by Marilyn Ganser.

Mr. Feda points to *Farr v. US* in which the plaintiff was seeking quiet title against tax liens imposed by the IRS. The plaintiff there claimed: (1) the IRS failed to provide her with a copy of the record of assessment; (2) that the assessment was not properly executed by an IRS officer; and

(3) that she never received a demand of payment as required by law. *Farr v. U.S*, 926 F. Supp. 147, 148-49 (D. Id. 1996). In that case, the court reasoned that the only question that might be reserved for the trier of fact was that of whether the plaintiff received the assessment. There was no evidence or affidavit showing that the assessment was mailed and the court there determined that a Form 4340, standing alone, was not sufficient evidence to show that a copy of the assessment was provided to the taxpayer. *Id.* at 152. The court did not conclude that it was a fact-question, it merely requested further briefing on this narrow issue and therefore did not grant the motion for summary judgment. *Id.*

Here, Mr. Feda does not deny receiving a demand for payment from the IRS. In fact, he outrightly admits that he received the demand and that he owes the government. He only disputes the amount to be remitted, but this does not satisfy his burden. Mr. Feda has not offered any evidence to overcome the tax assessment's presumption of correctness such as showing a partial payment by check or satisfaction of a levy or otherwise. Further, Mr. Feda proclaims that had he been given the opportunity to start satisfying his debt or to reach a compromise in which the liability would be paid over time, he would. His willingness to pay his debt is commendable, but it does not satisfy his burden to establish that the tax assessments were incorrect. As to Mr. Feda in Count I, summary judgment is appropriate.

We next turn to Mrs. Feda's response. Mrs. Feda contends that she should be absolved from all liability resulting from insufficient payments on her jointly filed federal income tax returns pursuant to 26 U.S.C. § 6015(f) because she is an "innocent spouse." The innocent spouse exemption for joint filers offers relief to individuals who were unaware of their spouse's incorrect tax reporting. Under 26 U.S.C. § 6015, individuals can obtain relief from tax liability if they have

jointly filed tax returns, there was an understatement of tax by the tax payers, and the individuals were not members of the same household for a twelve-month period preceding the filing or are legally separated or divorced 26 U.S.C. § 6015 (b)-(c). If the individual does not qualify for relief under (b) and (c), then the individual may seek relief under the subsection (f), which provides equitable relief, taking into account all facts and circumstances surrounding the matter. 26 U.S.C. § 6015(f). The proper location to obtain innocent spouse relief is not initially in the district courts; rather, innocent spouse relief is granted by the Secretary of Treasury. *Id.* Also, Treasury Regulation § 1.6015-5(b) mandates that a taxpayer who requests relief under IRC § 6015(f) must do so with the IRS within two years of the tax assessment date. *Estate of Kanter v. Comm'r*, 337 F.3d 833, 870 (7th Cir.) *rev'd* on other ground *See Ballard v. Comm'r*, 544 U.S. 40 (2005).

By their terms, 26 U.S.C. 6015 (b) and (c) are applicable only when there is a deficiency. Mrs. Feda therefore only seeks relief under 26 U.S.C 6015(f). The United States claims that Mrs. Feda may not initially seek relief under 26 U.S.C. § 6015 (f) in the district court. It contends that discretion to grant innocent spouse protection is limited to the IRS, and it is the IRS who weighs the facts and circumstances to determine whether relief is equitable. Plaintiff states that if and when a district court does consider Mrs. Feda's theory, it should be under abuse of discretion and only after the Secretary has made an initial determination on whether the relief applies. Further, Plaintiff avers the only court with the jurisdiction for judicial review under § 6015(f) is a tax court. Moreover, the United States contends that Mrs. Feda is precluded from seeking relief because the Treasury regulations establish that the period of making an administrative claim under § 6015(f) is two years from the date in which a tax return was assessed and the statute of limitations has run on all but one of the tax years in question. See Treas. Reg. 1.6015-5(b).

Here, Mrs. Feda has not sought relief through the Secretary of Treasury to determine whether she is entitled to innocent spouse protection. As articulated in the regulations and by the terms of the statute, it is the Secretary who may grant such relief, not the district court. Furthermore, if Mrs. Feda was to seek this protection with the appropriate agency, she would be precluded from seeking relief on the tax assessments for all but the 2003 tax returns. Any relief that she could have obtained under § 6015(f) for the prior tax assessments, namely 1992-2000 and 2002, has expired as it as been two years since the tax returns for those years was assessed.

Mrs. Feda relies on an Eleventh Circuit opinion, but in that case the court was considering the § 6015 (f) issue after the tax court had denied the plaintiff innocent spouse protection. *Kistner v. Comm'r*, 18 F. 3d 1521, 1525 (11th Cir. 1994). Mrs. Feda also references a Seventh Circuit opinion in which the court concluded that, although an individual signed a joint tax return, that individual will not be held responsible for the underpayment of federal income taxes. *Whyte v. Comm'r*, 852 F.2d 306, 308 (7th Cir. 1988). However, the Seventh Circuit was also reviewing the matter only after the tax court made an initial determination regarding spousal relief. *Id.* at 307. We are convinced that the district court is not the proper location to introduce an innocent spouse theory. Also, we believe Mrs. Feda has nearly lost her opportunity to seek innocent spouse protection because she has not abided by the time limits and guidelines articulated by the Secretary of Treasury regulations. Although, relief may not be obtained through this Court, Mrs. Feda may attempt to seek the little relief that is still available before the period for the 2003 tax return assessments also expires. Therefore as to Mrs. Feda in Count I, summary judgment is also appropriate.

In Count II, the United States seeks to obtain judgment to recover William Feda's unpaid federal employment income taxes, including tax, interest, and penalties. Tax deficiency assessments are considered to be presumptively correct which shifts the burden to the taxpayer to show the assessment is incorrect. *Pittman v. Comm'r.* 100 F.3d 1308, 1313 (7th Cir. 1996). Plaintiff must offer more than a general denial of liability in order to meet his burden. *Avco Delta Corp. Canada Ltd. v. U.S.*, 540 F.2d 258, 262 (7th Cir. 1976). Furthermore, the information obtained from the IRS forms in order to assess the liability is also entitled to the presumption of correctness and the taxpayer bears the burden to refute that presumption as well. *U.S. v. Brown*, 820 F. Supp. 374, 384 (N.D. Ill. 1993.)

In his response, Mr. Feda does not discuss the indebtedness he owes regarding the federal employment taxes. He has presented no argument, nor any genuine issue of material fact that would preclude this Court from entering judgment as a matter of law. In its motion for summary judgment, after the government presented its evidentiary basis for its motion, Mr. Feda was then obligated to present specific facts showing there is a genuine issue for trial. FED. R. CIV. P. 56(e). He has failed to do this. The United States has met its burden and has sufficiently supported its assertions. Thus, as to Count II, summary judgment is also appropriate.

## Conclusion

For the foregoing reasons, Plaintiffs motion for summary judgment is granted. As to William Feda, summary judgment is granted on Counts I and II. As to Irene Feda, summary judgment is also granted on Count I. Irene Feda may attempt to seek innocent spouse relief in the proper location for the tax years that are not yet barred by the statute's limitation period.

ENTER:

_____
**UNITED STATES DISTRICT JUDGE**

DATED: APR 3 2006